UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOAN SHALLCROSS,

           Plaintiff,

vs.                             Case No. 2:06-cv-325-FtM-99SPC

BAUSCH & LOMB INCORPORATED and
PUBLIX SUPER MARKETS, INC.,

           Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion to Remand (Doc. #13) and Bausch and upon Lomb Incorporated's Motion to Stay All Proceedings Pending Decision by the Judicial Panel on Multidistrict Litigation (Doc. #15), both filed on July 12, 2006. Plaintiff filed her memorandum supporting her Motion to Remand (Doc. #14) on the same date as well. Responses were filed to both motions.

**I.**

This case involves claims relating to Bausch & Lomb Inc.'s ("Bausch & Lomb") product Bausch & Lomb Multipurpose Renu with Moistureloc ("Renu"). In April 2006, the U.S. Food and Drug Administration ("FDA") and Centers for Disease Control ("CDC") issued a press release, addressing the seeming connection between a rare fungal infection of the eye called fungal keratitis and

Renu. Also in April, Bausch and Lomb requested U.S. retailers remove Renu from their shelves, and recommended consumers switch to another lense care solution. Additionally, the FDA issued a statement supporting this decision. On May 15, 2006, Bausch & Lomb announced its permanent recall of Renu from the worldwide market.

Plaintiff claims that she has suffered injuries and damages as a result of using the subject product and that Renu was unreasonably dangerous and defective. She filed a six count complaint in the Circuit Court for the 20th Judicial Circuit in and for Collier County, Florida. Plaintiff's complaint (Doc. #3) asserts claims for (I) strict product liability by defective design, (II) strict product liability by failure to warn, (III) negligence, (IV) breach of express warranty, (V) misrepresentation, and (VI) violation of the Florida Deceptive and Unfair Trade Practices Act under Florida Statute §501.201, *et seq*. Bausch & Lomb timely removed the matter to federal court on June 30, 2006. (Doc. #1.) The Notice of Removal asserted that Publix, the non-diverse defendant, was fraudulently joined and therefore should not be considered for diversity jurisdiction purposes. Plaintiff has now filed the instant Motion to Remand, asserting that there is no diversity jurisdiction because the non-diverse parties were not fraudulently joined.

**II.**

In her Motion to Remand, plaintiff argues that the parties are not completely diverse, and consequently, the Court lacks subject matter jurisdiction.  Bausch and Lomb responds that the non-diverse defendants have been fraudulently joined to destroy diversity.  Moreover, as this is one of more than seventy product liability/personal injury actions filed against Bausch and Lomb for Renu, Bausch and Lomb contends that the Court should defer ruling on the Motion to remand pending the establishment of MDL 1785, In re Bausch & Lomb Inc. Contact Lens Solution Prods. Liab. Litig.  Defendant points out that plaintiff's counsel is counsel in another Renu case, which is a putative class action case, in which plaintiff's counsel brings the same causes of action and argues all the Renu cases should be handled by one federal district court.  Defendant goes on to argue that this divergence of plaintiff's counsel's opinion demonstrates that "plaintiffs' counsel are trying to manufacture some basis to keep this particular case in state court for unstated strategic reasons."  (Doc. #23, p.2.)  The issue then, is whether plaintiff joined Publix as a defendant solely in an effort to defeat federal diversity jurisdiction; that is whether Publix was fraudulently joined.

Fraudulent joinder occurs when a plaintiff names a non-diverse defendant for the purpose of defeating federal diversity jurisdiction. Henderson v. Washington Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006). Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity for removal. Triggs v. John Crumpa Toyota, Inc., 154 F.3d 1284, 1287(11th Cir. 1998). A defendant seeking to prove that a co-defendant was fraudulently joined to defeat removal on diversity grounds must demonstrate by clear and convincing evidence that "(1) there is no possibility that plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Henderson, 454 F.3d at 1281. The Eleventh Circuit has stated that "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003).

The determination of fraudulent joinder is made on the basis of plaintiff's pleadings at the time of removal, but the Court may consider the affidavits submitted in connection with the Notice of Removal. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561

(11th Cir. 1989). The Court's function, however, is limited, and plaintiff's burden is light. "[A]fter drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be a reasonable basis for predicting that the state law *might* impose liability on the facts involved." Crowe v. Coleman, 113 F.3d 1536, 1541-42 (11th Cir. 1997)(citation and quotation omitted).

In this case, defendants do not allege fraudulently pled facts, but assert that plaintiff cannot maintain a cause of action against Publix. Applying the above, the Court finds that Publix was not fraudulently joined based on the Complaint at the time of removal. In the Complaint, as Bausch & Lomb points out, the only direct mention of Publix is in paragraph 3, in which plaintiff alleges that Publix is a retailer and distributor of Renu. Plaintiff directs the six counts of the complaint against "defendants" in general. However, the complaint does set forth factual allegations sufficient to put Publix on notice as to the facts underlying causes of action brought against it. Moreover, the court finds a reasonable basis for predicting state law might impose liability on the facts alleged by plaintiff. The Court finds that Bausch and Lomb has not shown that plaintiff has no

reasonable possibility of stating a valid cause of action as to Publix.  Therefore, Publix was not fraudulently joined, and complete diversity is absent.  Since no action has been taken by the MDL Panel, the Court will deny the motion for stay.

Thus, the Court will grant the Motion for Remand.

Accordingly, it is now

**ORDERED**:

1. Bausch and Lomb Incorporated's Motion to Stay All Proceedings Pending Decision by the Judicial Panel on Multidistrict Litigation (Doc. #15) is **DENIED.**

2. Plaintiff's Motion to Remand (Doc. #13) is **GRANTED.**

3. The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Collier County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

4. The Clerk is further directed to terminate the case and all pending deadlines before this Court as moot and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___16th___ day of January, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record